IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GRANNY'S KITCHENS/FREED'S BAKERY LLC

    Plaintiff

v.

MTM DISTRIBUTORS, INC

    Defendants

Civil No. 09-1910 (SEC)

**OPINION AND ORDER**

Pending before this Court is Defendant MTM Distributor's Inc.'s ("MTM") motion to dismiss the case pursuant to FED. R. CIV. P. 12(b)(1). Docket # 14. Plaintiff, Granny's Kitchens/Freed's Bakery LLC ("Granny's"), has opposed said motion to dismiss (Docket # 19). After reviewing the filings, and the applicable law, MTM's Motion to Dismiss is **GRANTED** in part and **DENIED** in part.

**Factual Background**

Granny's filed the instant complaint on September 9, 2009 against MTM, invoking this Court's 28 U.S.C. § 1332(a) diversity jurisdiction. The claim is for breach of contract and collection of monies, premised on Articles 1210 & 1230 of the Puerto Rico Civil Code. P.R. Laws Ann. tit. 31, § 3375 & 3451. Docket # 1 at 2. Granny's, a company engaged in the distribution of bakery products, alleges that it sold MTM $113,532.36 in glazed donuts between April 30 and July 16, 2009. Id. Granny's further alleges that it granted MTM $36,164.11 of bakery products on open credits, but that MTM still owes Granny's a sum not less than $77,368.25.

MTM responded to the complaint with a Motion to Dismiss, alleging that the alleged amounts owed, are ". . . exceedingly lower than the jurisdictional amount required under 28

**CIVIL NO. 09-1910 (SEC)**                                                                                      **Page 2**

U.S.C. § 1332." Docket # 14. To wit, MTM alleges that a made a payment of $28,469.40 to Granny's on July 14, 2009, which would have brought the amount allegedly owed to $48,898.85.[1] Id. at 5. Granny's rejoined said allegation, averring that the July 14 payment was ". . . from past payments owed to Granny's Kitchens, [which had] previously been credited to the defendants account." Docket # 15 at 1. Therefore, according to Granny's, the sum owed is the amount alleged in the complaint, $77,368.25. MTM counterreplies that: 1) Granny's failed to provide any evidence of older balances to which the July 14 payment was credited; and 2) during the relevant period a 10 pallet shipment of donuts, included in the amount claimed, arrived to Puerto Rico with problems in the glaze, and Granny's allegedly gave MTM a discount of $12,324.00 to cover the situation, bringing the total amount in controversy to $65,044.25. Docket # 19-2 at 5; Exh. 1 & 2. However, as will be explained below, the exhibits purportedly accrediting these claims do not allow for any conclusions to be drawn in MTM's favor.

**Standard of Review**

FED. R. CIV. P. 12(b)(1) is the proper vehicle for challenging a court's subject matter jurisdiction. Valentín v. Hospital Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001). Under this rule, a wide variety of challenges to the Court's subject matter jurisdiction may be asserted, among them those based on sovereign immunity, ripeness, mootness, and the existence of a federal question. Id. (citations omitted). Rule 12(b)(1) is also the appropriate vehicle for analyzing 28 U.S.C. § 1332(a)'s amount-in-controversy requirement. Soprema, Inc. v. Workers Corp., 485 F.Supp. 2d 1, 3 (D.P.R. 2007). When faced with a jurisdictional challenge, this Court must ". . . give weight to the well-pleaded factual averments in the operative pleadings [. . .] and indulge every reasonable inference in the pleader's favor." Aguilar v. U.S. Immigration and Customs Enforcement Div. of Dept. of Homeland Sec., 510 F.3d 1, 8 (1st Cir.2007).

---

[1] MTM also alleges that it at no point engaged in a contractual relationship with Freeds' Bakery LLC, and as such said party has no standing in the present suit. Plaintiff has not contested said argument. As such, Defendant's motion to dismiss as to Freeds' Bakery LLC shall be **GRANTED**.

A plaintiff faced with a motion to dismiss for lack of subject matter jurisdiction has the burden to demonstrate that such jurisdiction exists. See Lord v. Casco Bay Weekly, Inc., 789 F. Supp. 32, 33 (D. Me. 1992); see also SURCCO V. PRASA, 157 F. Supp. 2d 160, 163 (D. P.R. 2001). However, in order for a plaintiff's claim to be dismissed for lack of subject matter jurisdiction, due to the inadequacy of the plaintiff's federal claim, that claim must be ". . . so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." Oneida Indian Nation of N.Y. v. County of Oneida, 414 U.S. 661, 666 (1974). In this context, this Court is empowered to resolve factual disputes by making reference to evidence in the record beyond the plaintiff's allegations without having to convert the motion to dismiss into one for summary judgment. See Lord, 789 F. Supp. at 33 (D. Me. 1992); see also SURCCO, 157 F. Supp. 2d at 163 (D. P.R. 2001). "Where a party challenges the accuracy of the pleaded jurisdictional facts, the court may conduct a broad inquiry, taking evidence and making findings of fact." Hernández-Santiago v. Ecolab, Inc., 397 F. 3d 30 (1st Cir. 2005). Therefore, the court may consider extrinsic materials, "and, to the extent it engages in jurisdictional fact-finding, is free to test the truthfulness of the plaintiff's allegations." Dynamic, 221 F. 3d at 38. That is, the principle of conversion of a motion to dismiss into a motion for summary judgment when extrinsic materials are reviewed, does not apply in regards to a motion to dismiss for lack of subject matter jurisdiction. Id.

**Applicable Law and Analysis**

*Amount-in-Controversy Requirement*

As described above, MTM alleges that Granny's has not met the $75,000.00 jurisdictional amount, depriving this Court of subject-matter jurisdiction. In opposition, Granny's asserts that the amount in controversy has been explicitly presented with business records and affidavits. When determining whether a party meets the amount-in-controversy minimum, the federal courts must apply the long standing test established in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938); see Spielman v. Genzyme Corp., 251 F.

**Civil Case No 09-1910 (SEC)**                                                                                       Page 4

3d 1, 5 (1st Cir. 2001).  The test requires that the court use the sum claimed by the plaintiff "if the claim is apparently made in good faith." Spielman, 251 F. 3d at 5; see also Stewart v. Tupperware Corp., 356 F. 3d 335 (1st Cir. 2004). This general allegation "suffices unless questioned by the opposing party or the court." Stewart, 356 F. 3d at 338. If the defendant challenges the damages allegation, then "the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount." Id.  This can be done by amending the pleadings or by submitting affidavits. Spielman, 251 F. 3d at 5. Although the party may meet this burden by amending the pleadings, "jurisdiction is not conferred by the stroke of a lawyer's pen stroke... [w]hen challenged it must be adequately founded in fact." Diefenthal v. C.A.B., 681 F. 2d 1039, 1052.

     In the case at hand, there appears to be a genuine controversy of fact as to the amount owed by MTM. Neither MTM's argument that it made a payment of over $28,000 to Granny's in June 2009, which allegedly reduced the debt in controversy to an amount well under the jurisdictional limit, nor MTM's claims that it is entitled to over $12,000 in write-offs due to damaged product, can be adjudicated at present. With regards to the first issue, Granny's rejoins alleging that MTM received a credit for another outstanding debt. MTM denies this, providing evidence of said payment in the form of a bank statement. Docket # 14-2. However, Granny's correctly posits that the documentation provided by the parties does not definitively clarify the payment history.  In order to come to a conclusion on this point, the parties would have to provide this Court a more complete payment history.

     As for damaged products, the exhibits MTM proffers in its Reply to Opposition to Motion to Dismiss (Docket # 19-2) do not directly refer to damaged goods, nor do they show any type of write-off. This Court notes that in said pleading MTM has not attempted to verify and explain its business records through affidavits.   In fact, the first exhibit is an invoice for over $17,000, which contradicts MTM's position. Docket # 19-3. Moreover, the second exhibit,

**Civil Case No 09-1910 (SEC)**                                              Page 5

which like the first is not accompanied by an affidavit, is of no clear probative value. Rather, it appears to be a list of shipments received from Granny's, but it fails specify which, if any, contained damaged products. Therefore, at this juncture, Granny's claims appear to meet the jurisdictional minimum in good faith, so MTM's motion to dismiss on these grounds must be **DENIED**. However, because Granny's claims are borderline in terms of the jurisdictional minimum, MTM is granted **ten (10) days** to provide proper documentary evidence accrediting that the amount-in-controversy is facially less because of damaged goods, or prior payments.

    **IT IS SO ORDERED.**

    In San Juan, Puerto Rico, this 7th day of December, 2009.

                                               *S/Salvador E. Casellas*
                                               SALVADOR E. CASELLAS
                                               U.S. Senior District Judge